USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANI CAUTHEN,

Plaintiff,

-against-

NYC DEPARTMENT OF SOCIAL SERVICES—NYC DHS & HRA; STACEY WRIGHT,

Defendants.

26-CV-7095 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff Jani Cauthen, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796; the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that her employer discriminated against her based on her sex, age, and disability. Plaintiff names as defendants: "NYC Department of Social Services—NYC DHS & HRA" and Stacey Wright, who Plaintiff identifies as an executive director at New York City Department of Social Services. She seeks monetary relief and an order directing Defendants to accommodate her disability and promote her. By order dated August 27, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court: (1) dismisses the claims against Defendant "NYC Department of Social Services—NYC DHS & HRA," for failure to state a claim, and substitutes

the City of New York in its place as a defendant under Rule 21 of the Federal Rules of Civil Procedure; and (2) directs service on Defendants City of New York and Stacey Wright.

**DISCUSSION**

**A. Defendant "NYC Department of Social Services—NYC DHS & HRA"**

Plaintiff names as defendant an entity that she identifies as "NYC Department of Social Services—NYC DHS & HRA," which the Court understands to be the New York City Department of Social Services ("DSS").

The Court must dismiss Plaintiff's claims against DSS. Agencies of the City of New York, including DSS, are not entities that can be sued in their own names. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *id*. at ch. 24, §§ 601-605 (setting forth the powers of DSS); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) (holding that a plaintiff "is generally prohibited from suing a municipal agency."); *Lawtone-Bowles v. City of New York*, No. 25-CV-5762 (KPF), 2026 WL 2210015, at *1 n.1 (S.D.N.Y. July 31, 2026) (holding that DSS is not a suable entity, and construing the claims against DSS as being asserted against the City of New York); *Lopez v. City of New York*, No. 25-CV-3441 (GBD), 2026 WL 1002429, at *2 (S.D.N.Y. Apr. 13, 2026) (same as *Lawtone-Bowles*).

The Court therefore dismisses Plaintiff's claims against DSS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status and her clear intention to pursue claims against an administrative arm of the City of New York, the Court substitutes, under Rule 21 of the Federal Rules of Civil Procedure, the City of

New York as a defendant in place of DSS. This substitution is without prejudice to any defenses that the City of New York may wish to assert on their own behalf.

**B. Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York and Stacey Wright through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendant "NYC Department of Social Services—NYC DHS & HRA." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a defendant under Rule 21.

The Clerk of Court is instructed to issue summonses for Defendants City of New York and Stacey Wright, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 28, 2026
New York, New York

ANALISA TORRES
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Stacey Wright
   9042 190th Street
   Queens, NY 11432